IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.E., by and through William and Jennifer Emerich, her adoptive parents and legal guardians as next friends, <br><br>                  **Plaintiff,** <br><br> v. <br><br> KEITH HORTON, Commissioner of the Georgia Department of Human Services, BOBBY CAGLE, Director of the Georgia Department of Children and Family services, CAROL CHRISTOPHER, Deputy Director of the Georgia Department of Family and Children Services, ADRIAN OWENS, Social Service Administration, FABIENNE MICHEL, Social Service Supervisor, LAVERNE ZEPHIR, Social Service Supervisor, and LEE GAYLE HARVILL, Social Service Supervisor, <br><br>                  **Defendants.** | 1:15-cv-3792-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff H.E.'s, by and through William and Jennifer Emerich, her adoptive parents and legal guardians as next friends, ("Plaintiff") Motion for Leave to File an Amended Complaint [20] ("Motion to

Amend").

## I. BACKGROUND

On October 29, 2015, Plaintiff filed her Complaint [1], alleging claims under 42 U.S.C. § 1983. Plaintiff is a five-year old child who suffers from certain psychiatric and emotional illnesses. The Complaint alleges that Plaintiff's Medicaid benefits were cancelled by Defendants.[1] The Complaint seeks a preliminary and permanent injunction "that would mandate the approval and funding for all medically necessary . . . services" for Plaintiff, and also seeks monetary damages (Compl. ¶¶ 42, 45).

On December 9, 2015, Defendants filed their Motion to Dismiss [10]. On December 11, 2015, Defendants filed their Motion to Stay Discovery [11], seeking a stay until the Court's ruling on Defendants' Motion to Dismiss. On December 15, 2015, Plaintiff filed her Motion for Preliminary Injunction [13].

---

[1] Keith Horton, Commissioner of the Georgia Department of Human Services, Bobby Cagle, Director of the Georgia Department of Children and Family services, Carol Christopher, Deputy Director of the Georgia Department of Family and Children Services, Adrian Owens, Social Service Administration, Fabienne Michel, Social Service Supervisor, Laverne Zephir, Social Service Supervisor, and Lee Gayle Harvill, Social Service Supervisor (collectively, "Defendants").

On January 15, 2016, Plaintiff filed her Motion to Amend. In it, Plaintiff seeks to file her Amended Complaint [20.1], which adds claims against two defendants in their official capacities, "clarifies that Plaintiff is seeking prospective injunctive relief, and contains additional allegations regarding the Defendants' involvement in the underlying violations of Plaintiff's federally enforceable rights." (Mot. to Amend at 1-2). Plaintiff states that "Defense counsel was not authorized to consent to an amended pleading." (Id. at 2). Defendants did not, however, file a response to Plaintiff's Motion to Amend, and the Court deems it unopposed. LR 7.1(B), NDGa.

## II.   DISCUSSION

### A.   Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. See Fed. R. Civ. P. 15(a)(1). Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

B. Analysis

Plaintiff seeks to amend her Complaint to add claims against two defendants in their official capacities, "clarify[y] that Plaintiff is seeking prospective injunctive relief, and [add] additional allegations regarding the Defendants' involvement in the underlying violations of Plaintiff's federally enforceable rights." (Mot. to Amend at 1-2). Plaintiff's motion is unopposed, and the Court does not find any "substantial reason to deny" her Motion to Amend. Laurie, 256 F.3d at 1274. Plaintiff's Motion is thus granted.[2]

---

[2] Because the operative complaint is, as of the filing of this Order, Plaintiff's First Amended Complaint [20.1], Defendants' Motion to Dismiss Plaintiff's

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint [20] is **GRANTED**. Following the entry of this Order, the Clerk of Court is **DIRECTED** to docket Plaintiff's Amended Complaint [20.1].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction [13] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [10] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery [11] is **DENIED AS MOOT**.

---

original Complaint is denied as moot. Defendants' Motion to Stay Discovery, which seeks a stay until resolution of the Motion to Dismiss, also is denied as moot. Plaintiff's Motion for Preliminary Injunction similarly is denied as moot because it relies on allegations contained in the original Complaint, which is no longer the operative Complaint as of the filing of this Order.

**SO ORDERED** this 9th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE