# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| H.E., by and through William and Jennifer Emerich, her adoptive parents and legal guardians as next friends,<br><br>           Plaintiff,<br><br>   v.<br><br>FRANK BERRY, et al.,<br><br>           Defendants. | 1:15-cv-3792-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff H.E.'s, by and through William and Jennifer Emerich, her adoptive parents and legal guardians as next friends, ("Plaintiff") Motion for Leave to File a Second Amended Complaint [57] ("Second Amendment Motion").

## I. BACKGROUND

Plaintiff is a seven-year old child who suffers from certain psychiatric and emotional illnesses. (First Amended Complaint [25] ("Am. Compl.") ¶¶ 2, 21). On October 29, 2015, Plaintiff filed her Complaint [1] alleging claims under 42 U.S.C. § 1983. On May 10, 2016, after receiving leave of the Court, Plaintiff filed her Amended Complaint seeking a preliminary injunction ordering

Defendants Clyde Reese ("Reese") and Frank Berry ("Berry"),[1] in their official capacities, to approve Plaintiff's placement at an appropriate Psychiatric Residential Treatment Facility ("PRTF") or Residential Treatment Center ("RTC"). (Am. Compl. ¶¶ 1, 43, 46). Plaintiff also sought monetary damages from seven additional Defendants,[2] in their individual capacities, for "improperly categorizing [Plaintiff's] eligibility for Medicaid; failing to correct [Plaintiff's] Medicaid eligibility with knowledge of the improper categorization; and [] obstructing [Plaintiff's] access to appropriate [] services with concerted and deliberate indifference towards [Plaintiff's] health and wellbeing." (Am. Compl. ¶ 1).

On May 24, 2016, Defendants filed their Motion to Dismiss [28] the claims against Defendants in their individual capacities and the claims for money

---

[1] Defendants Clyde Reese and Frank Berry have been referred to throughout the action as the "Official Capacity Defendants." On January 3, 2017, the Court entered an order [52] substituting Frank Berry as the named defendant for the Georgia Department of Community Health, and Judy Fitzgerald as the named defendant for the Georgia Department of Behavioral Health and Developmental Disabilities. This Order uses "Official Capacity Defendants" to describe Reese, Berry, and Fitzgerald, interchangeably.

[2] Defendants Keith Horton, Bobby Cagle, Carol Christopher, Adrian Owens, Fabienne Michel, Laverne Zephir, and Leegayle Harvill are referred to as the "Individual Capacity Defendants."

2

damages.³ On November 7, 2016, the Court granted the Motion to Dismiss in part and denied it in part [43] ("Motion to Dismiss Order"). The Court dismissed the seven Individual Capacity Defendants from the action and Plaintiff's claims for monetary damages against them. (Motion to Dismiss Order at 44). The Court did not dismiss Plaintiff's claims for injunctive relief against the Official Capacity Defendants. (Motion to Dismiss Order at 44). The Court denied, without prejudice, Plaintiff's Motion for Preliminary Injunction [34]. (Motion to Dismiss Order at 44). On November 18, 2016, Plaintiff filed her Renewed Motion for Preliminary Injunction [45] ("Pl Ren. Mot."), seeking Plaintiff's admission to one of two facilities, Jasper Mountain or Santa Maria, specializing in treatment of Plaintiff's disorder. (Pl. Ren. Mot. at 1-2). On January 16, 2017, Plaintiff was admitted to Jasper Mountain. (Second Amendment Motion at 7). On January 30, 2017, upon agreement of the parties, the Court entered an order to stay the Renewed Motion for Preliminary Injunction. (January 30, 2017, Docket Entry Staying Pl. Ren. Mot.).

On March 23, 2017, Plaintiff filed her Second Amendment Motion, attaching her Proposed Second Amended Complaint. Plaintiff seeks to add a new

---

³ On June 24, 2016, the Court stayed discovery pending final resolution of Defendants' Motion to Dismiss.

3

claim against former Defendant, Bobby Cagle ("Cagle").[4] Plaintiff seeks damages against Cagle for retaliatory acts he allegedly committed in violation of the Americans with Disabilities Act ("ADA"). (Second Amendment Motion at 1). The Proposed Second Amended Complaint states Plaintiff's parents, William and Jennifer Emerich, communicated with various third parties during the summer and early fall of 2014 about issues they were experiencing in obtaining Medicaid services. (Second Amendment Motion at 19). The Proposed Second Amended Complaint also alleges that, in retaliation, Cagle sought to "take custody of H.E. and terminate William and Jennifer's parental rights." (Second Amendment Motion at 20). On April 6, 2017, Defendants filed their Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint [58] ("Response"). Defendants oppose the Second Amendment Motion on two grounds: (1) Plaintiff unduly delayed in seeking to add the claim against former Defendant Cagle and, in doing so, (2) unduly prejudiced the Defendants and Cagle. (Response at 4-8).

---

[4] Plaintiff's attempt to incorporate paragraphs 1 through 42 of the Amended Complaint as paragraph 54 of Count III of the Second Amended Complaint is improper. In doing so, Plaintiff incorporates facts and allegations specific to her 42 U.S.C. § 1983 claim—which is now largely moot.

## II. DISCUSSION

### A. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint, as a matter of course, if the amended complaint is filed within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. See Fed. R. Civ. P. 15(a)(1). Amended complaints may be filed outside of these time limits only "with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

B.   Analysis

Plaintiff claims it should be permitted leave to amend under Rule 15(a) to allege a claim of retaliation in violation of the ADA against former Defendant, Bobby Cagle.  Defendant argues Plaintiff's new claim is (1) unduly delayed and (2) unduly prejudicial.

1.   Undue Delay and Undue Prejudice

"A district court may find undue delay when the movant knew of facts supporting a new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."  Haynes v. McCalla Raymer, LLC, No. 1:11-cv-3149-TWT, 2014 WL 3908433, at *7 (N.D. Ga. Aug. 7, 2014) (holding the plaintiffs failed to "present a reasonable justification" for delaying amendment until "after summary judgment was filed, after the close of discovery, and more than two years after they filed their original Complaint"); see also SHM Int'l Corp. v. Guangdong Chant Grp., Inc., No. 1:14-cv-1446-ODE, 2016 WL 4204553, at *4 (N.D. Ga. June 29, 2016) (denying amendment where the plaintiff provided "no reason as to why it waited just under two years to amend its Complaint to include [] additional facts when it [] possessed [the] information during the entirety of [the] litigation, including the two previous instances in which [it] was allowed to amend").

Plaintiff's Second Amendment Motion is unduly delayed, and if allowed, the amendment would unduly prejudice Defendants. Plaintiff's proposed new retaliation claim, and the facts allegedly supporting it, were known to Plaintiff for approximately one year before this action was filed. (Second Amendment Motion at 27). In addition, Plaintiff waited more than two years after the discovery of the facts that purport to support Plaintiff's new claim to request permission to add it. Despite knowing these facts, Plaintiff did not include the claim in her First Amended Complaint, choosing instead to amend it after Defendants' Motion to Dismiss was filed and largely granted, ordering the dismissal of Cagle and the other Individual Capacity Defendants. Although discovery on the claim in the case is currently stayed, it is effectively concluded. A stay of discovery was granted pending a decision on Defendant's Motion to Dismiss. The majority of the claims requiring discovery were dismissed. Plaintiff's only remaining claims involve injunctive relief—relief which Defendants have already substantially provided to Plaintiff. H.E. is receiving treatment at one of the facilities to which she requested to be admitted in Plaintiff's Renewed Motion for Preliminary Injunction. (Second Amendment Motion at 7).

Plaintiff's allegation that she waited to file her retaliation claim to avoid further retaliation is unpersuasive. (Second Amendment Motion at 14). Plaintiff

7

filed the action, amended her complaint, and has continued to pursue this action for the past two years. It is not credible that she waited to assert this claim to avoid some potential, undescribed retaliation.

It is unduly prejudicial to permit Plaintiff to now add at this late stage in the litigation a claim that was known to her at least one year before she first filed this action, and after the Defendant she now seeks to allege a new claim against was dismissed from the case. An amendment would allow Plaintiff to continue to litigate an action that is nearing its conclusion.

Plaintiff's Second Amendment Motion to add a claim for retaliation against former Defendant Bobby Cagle is denied because it was unduly delayed and, if allowed, would unduly prejudice the Defendants.

2. Futility

The Court also denies Plaintiff's Second Amendment Motion on the ground of futility. "A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." Christman v. Walsh, 416 Fed. App'x 841, 844 (11th Cir. 2011); Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" (quoting Halliburton &

8

Assoc., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985))); Bazemore v. U.S. Bank, N.A., No. 1:14-cv-3310, 2016 WL 889676, at *5 (N.D. Ga. Mar. 8, 2016) ("Futility means that the amended complaint would fail to state a claim upon which relief could be granted. Thus, the same standard of legal sufficiency as applied under a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is used to determine futility." (internal citation omitted)); Bill Salter Adver., Inc. v. City of Brewton, AL, 2007 WL 2409819, at *2 (S.D. Ala. Aug.23, 2007) ("The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied.").

To establish a prima facie case of retaliation under the ADA, Plaintiff must show that (1) she engaged in statutorily protected activity; (2) Defendant was aware of this activity; (3) Defendant took adverse action against her; and (4) a causal connection exists between the protected activity and the adverse action. See Ganstine v. Sec'y, Florida Dep't of Corr., 502 F. App'x 905, 910 (11th Cir. 2012); see also Higdon v. Jackson, 393 F.3d 1211, 1219 (11th Cir. 2004) (quoting Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002)). The ADA's anti-retaliation provision allows retaliation claims against public entities. Id.

Assuming, *arguendo*, that Plaintiff engaged in statutorily protected

9

expression, she fails to allege Cagle was aware of this activity. Aside from an allegation that Plaintiff told Cagle "it was an election year, and that maybe she would go to the media," Plaintiff alleges no facts showing Cagle knew she contacted third parties. (Second Amendment Motion at 27). Plaintiff also fails to allege that Cagle had any direct involvement in the alleged adverse action. Plaintiff claims that Bridget Kratzer ("Kratzer"), a case manager allegedly assigned by Cagle, "visited the Emerich home unannounced and took H.E. and her sister into DFCS custody." (Second Amendment Motion at 27-28). There is no allegation that Cagle directed or had any involvement in Kratzer's action. In fact, Plaintiff states this action took place "the day after Mr. Cagle personally communicated to Jennifer and William that he was increasing the adoption subsidy and that H.E. would be receiving additional services." (Second Amendment Motion at 27). The only other allegation in Plaintiff's Proposed Amended Complaint that could be construed as a retaliatory act is Plaintiff's claim that Cagle "falsely accused Jennifer and/or William of neglecting or abusing H.E." (Second Amendment Motion at 29). Plaintiff provides no additional factual allegations as to when, how, or where this occurred. Her claim is vague and conclusory. Without more, it is insufficient to show Cagle personally took adverse action against Plaintiff.

Plaintiff's Second Amendment Motion to add a claim for retaliation against former Defendant Bobby Cagle is denied on the alternative ground of futility.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff H.E.'s, by and through William and Jennifer Emerich, her adoptive parents and legal guardians as next friends, Motion for Leave to File a Second Amended Complaint [57] is **DENIED**.

**SO ORDERED** this 31st day of August, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE